UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ERICKA PERKINS                                                    CIVIL ACTION

v.                                                                NO. 20-1141

TRAVELERS PROPERTY CASUALTY                                       SECTION "F"
INSURANCE COMPANY, ET AL.

ORDER AND REASONS

"A party's duty to preserve evidence comes into being when the party has notice that the evidence is relevant to the litigation or should have known that the evidence may be relevant." Guzman v. Jones, 804 F.3d 707, 713 (5th Cir. 2015). "Spoliation of evidence 'is the destruction or the significant and meaningful alteration of evidence'" that should have been preserved. Id. (quoting Rimkus Consulting Grp. v. Cammarata, 688 F. Supp. 2d 598, 612 (S.D. Tex. 2010)).

In a slip-and-fall case like this one, few pieces of evidence could be more relevant than surveillance video of the allegedly dangerous area in question before and after the plaintiff's fall. A defendant's – or a *potential* defendant's – decision to destroy, erase, or withhold such a video screams "bad faith." Cf. id. ("Bad faith, in the context of spoliation, generally means destruction for the purpose of hiding adverse evidence."). Indeed, but for

harmful evidence of a hazardous condition, what would a slip-and-fall defendant have to hide on a routine surveillance tape?

By that logic, the record here reveals a high likelihood that the defense has destroyed – or at least hidden – evidence that could be highly probative of the plaintiff's claims and immensely meaningful in this case.[1]  Such a decision could only be made in bad faith, and where a "showing of 'bad faith'" has been made, "an adverse inference against the [apparent] spoliator" is both permitted and warranted.  Id. (quoting Condrey v. SunTrust Bank of Ga., 431 F.3d 191, 203 (5th Cir. 2005)).

\*   \*   \*

Federal Rule of Civil Procedure 56 provides that summary judgment is appropriate where the record reveals no genuine dispute as to any material fact such that the moving party is entitled to judgment as a matter of law.  No genuine dispute of fact exists where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party.  See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  The facts before the Court here reveal a significant factual dispute at least, or a major weakness in the *movant*'s case at most.

---

[1]   Perhaps tellingly, the defendants here failed to offer a timely pre-submission date reply to the plaintiff's aggressive assertion "that a video *did* exist and *was* in the possession of [Haza] at some point," and yet was "destroyed" or improperly withheld.  See Opp'n at 5.

2

Accordingly, IT IS ORDERED: that the defendants' motion for summary judgment is DENIED.

New Orleans, Louisiana, May 26, 2021

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE